1  SCOTT N. SCHOOLS (SCSBN 9990)
   United States Attorney
2  JOANN M. SWANSON (CSBN 88143)
   Chief, Civil Division
3  EDWARD A. OLSEN (CSBN 214150)
   Assistant United States Attorney
4
        450 Golden Gate Avenue, Box 36055
5       San Francisco, California  94102
        Telephone:  (415) 436-6915
6       Facsimile:   (415) 436-6927

7  Attorneys for Plaintiff

8                IN THE UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10 UNITED STATES OF AMERICA,            )
                                         )
11         Plaintiff,                    )   Civil No. 5388
                                         )
12      v.                               )
                                         )
13 An undetermined quantity of vari-     )   COMPLAINT IN REM
   ously labeled cases of an article    )    FOR FORFEITURE
14 of drug and cosmetic, each case       )
   containing various quantities of     )
15 boxes, each box containing 1/0.2     )
   ounce tube, in part:                 )
16                                       )
   (case)                                )
17                                       )
   "*** EMBARGOED ***"                   )
18                                       )
   (box and tube)                        )
19                                       )
   "*** Age Intervention *** EYELASH    )
20 *** .2 fl. oz. *** Made in USA for    )
   Jan Marini Skin Research, Inc. ***   )
21 San Jose, CA ***,"                    )
                                         )
22         Defendant.                    )
                                         )
23 _____)

        The United States of America hereby asserts the following claim against the defendant article
24
   of drug and cosmetic:
25

## NATURE OF THE ACTION

I.

This complaint is filed by the United States of America, and requests seizure and condemnation of an article of drug and cosmetic, as described in the caption, in accordance with the Federal Food, Drug, and Cosmetic Act (Act), 21 U.S.C. 301 et seq.

II.

The article of drug and cosmetic is in the possession of Jan Marini Skin Research, Inc. (JMSR), 6951 Via del Oro, San Jose, California, or elsewhere within the jurisdiction of this Court, which article, as described in the caption, consists in whole or in part of components that were shipped in interstate commerce from outside the State of California.

## JURISDICTION AND VENUE

III.

Plaintiff brings this action in rem in its own right to condemn and forfeit the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345 and 21 U.S.C. § 334, which provides the court with jurisdiction over seizures brought under the Act.

IV.

This Court has in rem jurisdiction over the defendant property because the defendant is located in the Northern District of California. Upon filing of the complaint, the plaintiff requests the Court issue an arrest warrant in rem pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to Supplemental Rule G(3).

## BASIS FOR FORFEITURE

V.

The article is a drug within the meaning of the Act, 21 U.S.C. § 321(g)(1)(C), because it is intended to affect the structure or function of the body of man or other animals, that may not be introduced or delivered for introduction into interstate commerce pursuant to 21 U.S.C. § 355(a) in that it is a new drug within the meaning of 21 U.S.C. § 321(p) and no approval of an application filed pursuant to 21 U.S.C. § 355(b) is in effect for such drug.

VI.

The article is a misbranded drug within the meaning of the Act, 21 U.S.C. § 352(f)(1), in that its labeling fails to bear adequate directions for use and it is not exempt from such requirement under 21 C.F.R. § 201.115 because the article is an unapproved new drug.

VII.

The article is also a cosmetic within the meaning of the Act, 21 U.S.C. § 321(i)(1), because it is intended to be applied to the human body or any part thereof for cleansing, beautifying, promoting attractiveness, or altering the appearance. The article is adulterated within the meaning of 21 U.S.C. § 361(a) in that it bears or contains a poisonous and deleterious substance, namely bimatoprost, which may render it injurious to users under the conditions of use prescribed in the labeling or under such conditions of use as are customary or usual.

VIII.

In light of the foregoing, the article is held illegally within the jurisdiction of this Court and is liable to seizure and condemnation pursuant to the provisions of 21 U.S.C. § 334.

FACTS

IX.

The Food and Drug Administration (FDA) conducted its initial inspection at JMSR on August 10, 2006, in response to consumer complaints alleging that Age Intervention Eyelash included an active pharmaceutical ingredient, bimatoprost, in its formulation. During the inspection, investigators became aware of Age Intervention Eyelash customer complaints received by JMSR that included blurry vision, pimples, redness and itching around the eyes. FDA collected and analyzed a sample of the product and confirmed the presence of bimatoprost.

X.

Bimatoprost is the active ingredient in the approved prescription drug product Lumigan ophthalmic solution, which is indicated to treat elevated intraocular pressure (glaucoma). The approved prescription labeling for Lumigan lists growth of eyelashes as a side effect of the product. JMSR's Age Intervention Eyelash product, a translucent gel applied along the root area of eyelashes, capitalizes on this side effect by labeling the product as containing "EYELASH GROWTH

FACTOR." Other product labeling asserts "Now you can dramatically enhance eyelash growth..." and "With continued application, your eyelashes will respond progressively in thickness and length," which claims represent that the product will affect the structure and function of the body.

XI.

FDA physicians performed a health hazard evaluation on the Age Intervention Eyelash product, and noted that because the concentrations of bimatoprost in Age Intervention Eyelash and Lumigan are the same, the expected adverse event profile for the two products would be similar. The FDA-approved labeling for Lumigan lists many side effects including, but not limited to, conjunctival hyperemia, ocular pruritus, dryness and burning, blepharitis (inflammation of the eyelids), visual disturbance, eye pain, superficial punctate keratitis (loss of cells in the top layer of the cornea, such layer being the eye's barrier against eye infection), iritis (inflammation of the iris), and macular edema (swelling of the retina). In addition, Age Intervention Eyelash consumers who are already using Lumigan or another prostaglandin analog-containing medication, may experience a loss of effectiveness in their intra-ocular pressure-lowering medication. Loss of effectiveness in the control of intraocular pressure can lead to damage of the optic nerve. Damage to the optic nerve caused by elevated ocular pressure (glaucoma) is permanent and can lead to blindness.

XII.

When FDA approves a prescription drug, such as Lumigan, safety concerns are weighed against the potential benefits, as part of the approval process. However, in the case of a cosmetic like Age Intervention Eyelash, the risks are not balanced against any benefits, which in any case in a cosmetic preparation are transient, not clinical, and subjective. In addition, cosmetic consumers are neither warned of such risks in the Age Intervention Eyelash labeling nor are they likely to use the product under the oversight of a physician or trained healthcare professional.

XIII.

On September 14, 2006, the State of California Department of Health Services (CDHS), pursuant to California Health and Safety Code (H&SC) 111860, embargoed the Age Intervention Eyelash product at JMSR premises. This action was taken because CDHS considered the product a misbranded and unapproved new drug pursuant to H&SC 109925, among other violations.

XIV.

FDA has advised JMSR that the product violates the Act. On March 23, 2007, FDA sent a letter to JMSR, informing JMSR that the product's labeling, which included claims for enhanced eyelash growth, rendered Age Intervention Eyelash an unapproved new drug in violation of 21 U.S.C. § 355(a). The letter also advised JMSR that even in the absence of claims that cause the product to be a drug, the product would be an adulterated cosmetic under 21 U.S.C. § 361(a). The letter also warned JMSR that failure to comply with the Act would subject the firm to enforcement action without further notice.

XV.

By letter dated May 3, 2007, JMSR provided additional data to FDA in an attempt to demonstrate that the product was a safe cosmetic. FDA doctors have reviewed these data and determined that those data do not alter FDA's safety concerns about the Age Intervention Eyelash product.

WHEREFORE, the United States respectfully requests that process issue against the article; that all persons having any interest in the articles be cited to appear herein and answer the allegations of the complaint; that this Court decree the forfeiture of the defendant article; that the article be disposed of as this Court may direct pursuant to the provisions of the Act; and that plaintiff have such other and further relief as the may require.

Dated: October 22, 2007

SCOTT N. SCHOOLS
United States Attorney

EDWARD A. OLSEN
Assistant United States Attorney

Attorneys for the United States

## VERIFICATION

I, Warren E. Savary, Compliance Officer for the U.S. Food and Drug Administration, San Francisco District Office, declare under penalty of perjury, as provided by 28 U.S.C. 1746, that I have read the foregoing Complaint for Forfeiture and that the information contained therein is true and correct to the best of my knowledge, information, and belief.

Executed this 20 day of October, 2007.

*[signature]*
Warren E. Savary
Compliance Officer
Food and Drug Administration