| | |
|---|---|
| 1 | SCOTT N. SCHOOLS (SCSBN 9990) |
|   | United States Attorney |
| 2 | JOANN M. SWANSON (CSBN 88143) |
|   | Chief, Civil Division |
| 3 | EDWARD A. OLSEN (CSBN 214150) |
|   | Assistant United States Attorney |
| 4 | |
|   | 450 Golden Gate Avenue, Box 36055 |
| 5 | San Francisco, California  94102 |
|   | Telephone:  (415) 436-6915 |
| 6 | Facsimile:   (415) 436-6927 |
| 7 | Attorneys for Plaintiff |

RECEIVED
07 OCT 22 PM 3: 36
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

### IN THE UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 10 | UNITED STATES OF AMERICA, | ) C 07 5388 |
| 11 | Plaintiff, | ) Civil No. |
| 12 | v. | ) |
| 13 | An undetermined quantity of vari- | ) WARRANT FOR ARREST IN REM |
|    | ously labeled cases of an article | ) |
| 14 | of drug and cosmetic, each case | ) |
|    | containing various quantities of | ) |
| 15 | boxes, each box containing 1/0.2 | ) |
|    | ounce tube, in part: | ) |
| 16 | | ) |
|    | (case) | ) |
| 17 | | ) |
|    | "*** EMBARGOED ***" | ) |
| 18 | | ) |
|    | (box and tube) | ) |
| 19 | | ) |
|    | "*** Age Intervention *** EYELASH | ) |
| 20 | *** .2 fl. oz. *** Made in USA for | ) |
|    | Jan Marini Skin Research, Inc. *** | ) |
| 21 | San Jose, CA ***," | ) |
|    | | ) |
| 22 | Defendant. | ) |
|    | _____ | ) |

**TO THE UNITED STATES MARSHAL FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

WHEREAS, a verified complaint for forfeiture has been filed on October 22, 2007, in the United States District Court for the Northern District of California, alleging that the defendant article of property identified in the caption is a drug within the meaning of 21 U.S.C. § 321(g)(1)(C) that may not be introduced or delivered for introduction into interstate commerce pursuant to 21 U.S.C.

§ 355(a) in that it is a new drug within the meaning of 21 U.S.C. § 321(p) and no approval of an application filed pursuant to 21 U.S.C. § 355(b) is in effect for such drug; is a misbranded drug within the meaning of 21 U.S.C. § 352(f)(1) in that its labeling fails to bear adequate directions for use and it is not exempt from such requirement under 21 C.F.R. § 201.115 because the article is an unapproved new drug; and is also a cosmetic within the meaning of 21 U.S.C. § 321(i)(1) because it is intended to be applied to the human body or any part thereof for cleansing, beautifying, promoting attractiveness, or altering the appearance, and is adulterated within the meaning of 21 U.S.C. § 361(a) in that it bears or contains a poisonous and deleterious substance, namely bimatoprost, which may render it injurious to users under the conditions of use prescribed in the labeling or under such conditions of use as are customary or usual; and is subject to seizure and condemnation pursuant to 21 U.S.C. § 334; and

**WHEREAS**, the Court being satisfied that, based upon the verified complaint for forfeiture, there is probable cause to believe that the defendant article is a drug within the meaning of 21 U.S.C. § 321(g)(1)(C) that may not be introduced or delivered for introduction into interstate commerce pursuant to 21 U.S.C. § 355(a) in that it is a new drug within the meaning of 21 U.S.C. § 321(p) and no approval of an application filed pursuant to 21 U.S.C. § 355(b) is in effect for such drug; is a misbranded drug within the meaning of 21 U.S.C. § 352(f)(1) in that its labeling fails to bear adequate directions for use and it is not exempt from such requirement under 21 C.F.R. § 201.115 because the article is an unapproved new drug; and is also a cosmetic within the meaning of 21 U.S.C. § 321(i)(1) because it is intended to be applied to the human body or any part thereof for cleansing, beautifying, promoting attractiveness, or altering the appearance, and is adulterated within the meaning of 21 U.S.C. § 361(a) in that it bears or contains a poisonous and deleterious substance, namely bimatoprost, which may render it injurious to users under the conditions of use prescribed in the labeling or under such conditions of use as are customary or usual; and is subject to seizure and condemnation pursuant to 21 U.S.C. § 334

**YOU ARE THEREFORE, HEREBY COMMANDED PURSUANT TO RULE G(3)(C),** Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims of the Federal Rules of Civil Procedure (the "Supplemental Rules") to arrest and seize the defendant article. The United

1  States Marshal and other personnel they deem necessary are specifically authorized by the Court to
2  enter the premises known as Jan Marini Skin Research, Inc., 6951 Via del Oro, San Jose, California,
3  so as to locate, identify and seize the defendant article which is the subject of this action and which
4  is currently embargoed by the State of California Department of Health Services pursuant to
5  California Health and Safety Code § 111860, and use their discretion and whatever means
6  appropriate to protect and maintain said defendant article; and

7  **YOU ARE COMMANDED** to publish notice of the seizure in a manner consistent with the
8  Supplemental Rules.

9  **YOU ARE FURTHER COMMANDED** to provide notice of this action to all persons who
10 reasonably appear to be potential claimants of the defendant article by sending such persons a copy
11 of this warrant and a copy of the verified complaint for forfeiture, in a manner consistent with Rule
12 G(4)(b) of the Supplemental Rules.

13 This warrant provides notice that in order to avoid forfeiture of the defendant article, any
14 person claiming an interest in the defendant article must file a claim, signed under penalty of perjury,
15 identifying the specific defendant article claimed, identifying the claimant, and stating the claimant's
16 interest in the defendant article in the manner set forth in Rule G(5) of the Supplemental Rules. Any
17 such claim must also be served on Assistant United States Attorney Edward A. Olsen at the address
18 above. In no event may such claim be filed later than 35 days after the date of notice of the
19 complaint is sent, or as applicable, no later than 30 days after the final publication of notice of the
20 filing of the complaint. In addition, any person having filed such a claim must also file an answer
21 to the complaint not later than 20 days after the filing of the claim, with a copy thereof served on
22 Assistant United States Attorney Edward A. Olsen, at the address above.

23 **YOU ARE FURTHER COMMANDED**, promptly after execution of this process, to file
24 the same in this Court with your return thereon, identifying the individuals who received copies of
25 this matter and the manner employed.

26
27 Dated: October _____, 2007                          _____
28                                                       United States District Judge