JOSEPH P. RUSSONIELLO, CSBN 44332
United States Attorney
JOANN M. SWANSON, CSBN 88143
Chief, Civil Division
EDWARD A. OLSEN, CSBN 214150
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-6915
    FAX: (415) 436-7169

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. C 07-5388-JL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| An undetermined quantity of variously | ) | **NOTICE OF MOTION AND** |
| labeled cases of an article of drug and | ) | **MOTION FOR DEFAULT** |
| cosmetic, each case containing various | ) | **JUDGMENT** |
| quantities of boxes, each box containing | ) | |
| 1/0.2 ounce in tube, in part: | ) | Date:   June 25, 2008 |
| | ) | Time:  9:30 a.m. |
| (case) | ) | |
| | ) | |
| "***EMBARGOED***" | ) | |
| | ) | |
| (box and tube) | ) | |
| | ) | |
| "***Age Intervention***EYELASH*** .2 | ) | |
| fl. oz. ***Made in USA for Jan Marini | ) | |
| Skin Research, Inc.*** San Jose, CA***," | ) | |
| | ) | |
|     Defendant. | ) | |

PLEASE TAKE NOTICE that on June 25, 2008, at 9:30 a.m., or as soon thereafter as the

matter may be heard before the Honorable James Larson, located at 450 Golden Gate Avenue, 15th

Floor, Courtroom F, San Francisco, California, plaintiff United States of America, will move this

Court pursuant to 21 U.S.C. § 334, Fed. R. Civ. P. 55(b)(2), and Admiralty and Maritime Local

1  Rule 6-2 for an order directing the entry of a default judgment of condemnation, forfeiture, and

2  destruction in favor of the plaintiff.

3      This motion is based upon the memorandum of points and authorities in support thereof, the

4  Declaration of Edward A. Olsen in Support of Request for Entry of Default, filed on February 19,

5  2008 and attached as Exhibit 1 ("Olsen Decl."), all other pleadings on file in this action, and any

6  oral argument that the Court may permit.

7                            **STATEMENT OF RELIEF**

8      Pursuant to 21 U.S.C. § 334, plaintiff requests an order directing entry of a default judgment of

9  condemnation, forfeiture, and destruction against an undetermined quantity of variously labeled

10  cases of an article of drug and cosmetic ("defendant property").

11                            **ISSUE TO BE DECIDED**

12      Whether plaintiff is entitled to entry of a default judgment of condemnation, forfeiture, and

13  destruction against the defendant property.

14                  **MEMORANDUM OF POINTS AND AUTHORITIES**

15      **1.  Statement of Facts**

16      On October 22, 2007, plaintiff filed a Complaint In Rem For Forfeiture ("complaint") against

17  the defendant property, which is in the possession of Jan Marini Skin Research, Inc., 6951 Via del

18  Oro, San Jose, California.  See Docket No. 1.  In the complaint, plaintiff alleged that the defendant

19  property is a drug within the meaning of 21 U.S.C. § 321(g)(1)(C) of the Federal Food, Drug, and

20  Cosmetic Act ("the Act"), which may not be introduced or delivered for introduction into

21  interstate commerce pursuant to 21 U.S.C. § 355(a), because it is a "new drug" within the meaning

22  of 21 U.S.C. § 321(p), and no approval of application filed pursuant to 21 U.S.C. § 355(b) or (j) is

23  in effect for such drug.  Plaintiff also alleged that the defendant property is a misbranded drug

24  within the meaning of the Act, 21 U.S.C. § 352(f)(1), in that its labeling fails to bear adequate

25  directions for use and it is not exempt from such requirement under 21 C.F.R. § 201.115 because

26  the article is an unapproved new drug.  Plaintiff further alleged that the defendant property is a

27  cosmetic within the meaning of the Act, 21 U.S.C. § 321(i)(1), and that it is adulterated within the

28  meaning of 21 U.S.C. § 361(a), in that it contains a poisonous and deleterious substance that may

MOTION FOR DEFAULT JUDGMENT
C 07-5388-JL                        2

render it injurious to users under the conditions of use prescribed in the labeling or under such conditions of use as are customary or usual.  On November 16, 2007, the United States Marshal for this district arrested the defendant property pursuant to a Warrant for Arrest In Rem issued by this Court on November 1, 2007.  Olsen Decl. ¶ 3.

On November 27, 2007, plaintiff served a Notice of Forfeiture Action, (including a copy of the complaint, the application for warrant of arrest in rem, the warrant for arrest in rem, electronic case filing program, order setting initial case management conference and ADR deadlines, and notice of availability of magistrate judge to exercise jurisdiction), by certified mail, return receipt requested, on the following at their last known addresses:

Stewart Stone, Jr., Esq.
Vice President & General Counsel
Jan Marini Skin Research, Inc.
6951 Via del Oro
San Jose, CA 95119

Paul M. Hyman, Esq.
Hyman, Phelps & McNamara, P.C.
700 13th Street, NW, Suite 1200
Washington, D.C. 20005

Meredith Manning, Esq.
Hogan & Hartson, LLP
555 13th Street, NW
Washington, D.C. 20004

Olsen Decl. ¶ 4.  In addition, a Public Notice of Forfeiture Action was duly published in the San Jose Post Record, a newspaper of general circulation in San Jose, on December 7, 14, and 21, 2007.  Olsen Decl. ¶  5.

Thereafter, on February 19, 2008, more than 35 days after the last date of publication, service of the complaint, and service of the notice of forfeiture action, plaintiff requested the entry of default pursuant to Fed. R. Civ. P. 55(a).  The Clerk of the Court entered the default on March 7, 2008.  See Clerk's Entry of Default, attached as Exhibit 2.

As of this date, no claim, verified statement of right or interest, or answer has been filed in this action.  Olsen Decl. ¶ 6.

MOTION FOR DEFAULT JUDGMENT
C 07-5388-JL                     3

1

**2.** __Argument__

2    Rule 6-2 of the Northern District of California Admiralty and Maritime Local Rules ("Local

3    Rules") sets forth the applicable procedure for seeking a default judgment in an in rem action.

4    Rule 6-2 provides:

5        After the time for filing an answer has expired, the plaintiff may apply for entry of
6        default under FRCivP 55(a).  Judgment may be entered under FRCivP 55(b) at any
         time after default has been entered.  Default will be entered upon a showing that:

7        (a) Notice has been given as required by Admir. L.R. 6-1;

8        (b) The time to answer has expired; and

9        (c) No one has filed a verified statement of right or interest in the property.

10    Local Rule 6-1 requires that notice be provided by publication in a newspaper of daily

11    circulation in the district, and by service under Rule 5 of the Federal Rules of Civil Procedure

12    upon any person who has not appeared in the action and is known to have an interest in the

13    property.  All persons having an interest or right in the defendant property must file a verified

14    statement identifying the interest or right no later than 35 days after service of the complaint.  See

15    Rule G(5)(a)(ii)(A) of the Federal Supp. Rules for Admiralty and Maritime Claims.  Those persons

16    having an interest in the defendant property and not receiving direct notice must file a verified

17    statement identifying the interest or right no later than 30 days after the last date of publication.

18    See Rule G(5)(a)(ii)(B) of the Federal Supp. Rules for Admiralty and Maritime Claims.  In

19    addition, an answer must be served and filed within 20 days after the filing of the verified

20    statement of interest.  See Supp. Rule G(5)(b) of the Federal Supp. Rules for Admiralty and

21    Maritime Claims; see also Local Rule 4-2(a)(6).

22    As discussed above, plaintiff complied with the requirements for publishing notice of the

23    action in the San Jose Post Record, a newspaper of general circulation in this district.  Olsen Decl.

24    ¶ 5.  In addition, plaintiff served the only company that, based on the facts known to the

25    government, reasonably appeared to be a potential claimant by sending, by certified mail, a copy of

26    the complaint, arrest for warrant in rem, and notice of forfeiture action to its attorneys and to the

27    company at its last known addresses.  See Fed. R. Civ. P. 5(b)(1) and (b)(2); Supp. R. G(4)(b);

28    Olsen Decl. ¶ 4.  No one filed a verified statement of interest within 30 days after the last date of

MOTION FOR DEFAULT JUDGMENT
C 07-5388-JL                4

1  publication or 35 days after the service of the complaint and notice of forfeiture action.  Olsen

2  Decl. ¶ 6.  Accordingly, the Clerk of the Court entered a default in this action on March 7, 2008.

3  Exhibit 2.

4                                                    **CONCLUSION**

5         Wherefore, pursuant to 21 U.S.C. § 334, Rule 55(b)(2) of the Federal Rules of Civil Procedure,

6  and the Local Rule 6-2, plaintiff moves the Court to enter an order adjudging all persons having

7  any right, title, or interest in the defendant property seized in this action to be in default, adjudging

8  the defendant property to be a new drug without an approved application filed pursuant to 21

9  U.S.C. 355, and to be adulterated and misbranded with the meaning of the Act, as alleged in the

10 complaint and as set out above in this motion, and ordering the condemnation, forfeiture, and

11 destruction of the defendant property.

12

13 DATED: April 30, 2008                    Respectfully submitted,

14                                          JOSEPH P. RUSSONIELLO
                                            United States Attorney
15

16                                          _____/s/_____

17                                          EDWARD A. OLSEN
                                            Assistant United States Attorney
18

19 Of Counsel:
   JAMES C. STANSEL
20 Acting General Counsel

21 GERALD F. MASOUDI
   Associate General Counsel
22 Food and Drug Division

23 ERIC M. BLUMBERG
   Deputy Chief Counsel, Litigation
24 Food and Drug Division

25 PAIGE H. TAYLOR
   Associate Chief Counsel for Enforcement
26 U.S. Dept. of Health & Human Services
   Office of the General Counsel
27 5600 Fishers Lane
   Rockville, MD  20857
28 (301) 827-1161

MOTION FOR DEFAULT JUDGMENT
C 07-5388-JL                              5