```
 1  JOSEPH P. RUSSONIELLO, CSBN 44332
    United States Attorney
 2  JOANN M. SWANSON, CSBN 88143
    Chief, Civil Division
 3  EDWARD A. OLSEN, CSBN 214150
    Assistant United States Attorney
 4
        450 Golden Gate Avenue, Box 36055
 5      San Francisco, California 94102
        Telephone: (415) 436-6915
 6      FAX: (415) 436-7169

 7  Attorneys for Plaintiff
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ) | No. C 07-5388-MMC | |
| Plaintiff, ) | | |
| v. ) | | |
| An undetermined quantity of variously ) labeled cases of an article of drug and ) cosmetic, each case containing various ) quantities of boxes, each box containing ) 1/0.2 ounce in tube, in part: ) | **RE-NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT** | |
| (case) ) | Date: June 27, 2008 | |
| "***EMBARGOED***" ) | Time: 9:00 a.m. | |
| (box and tube) ) | | |
| "***Age Intervention***EYELASH*** .2 ) fl. oz. ***Made in USA for Jan Marini ) Skin Research, Inc.*** San Jose, CA***," ) | | |
| Defendant. ) | | |

PLEASE TAKE NOTICE that on June 27, 2008, at 9:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Maxine M. Chesney, located at 450 Golden Gate Avenue, 19th Floor, Courtroom 7, San Francisco, California, plaintiff United States of America, will move this Court pursuant to 21 U.S.C. § 334, Fed. R. Civ. P. 55(b)(2), and Admiralty and

MOTION FOR DEFAULT JUDGMENT
C 07-5388-MMC                                   1

Maritime Local Rule 6-2 for an order directing the entry of a default judgment of condemnation, forfeiture, and destruction in favor of the plaintiff. This motion was originally noticed for June 25, 2008, at 9:30 a.m., before the Honorable James Larson, but the matter has since been re-assigned from Judge Larson to Judge Chesney.

This motion is based upon the memorandum of points and authorities in support thereof, the Declaration of Edward A. Olsen in Support of Request for Entry of Default, filed on February 19, 2008 and attached as Exhibit 1 ("Olsen Decl."), all other pleadings on file in this action, and any oral argument that the Court may permit.

## STATEMENT OF RELIEF

Pursuant to 21 U.S.C. § 334, plaintiff requests an order directing entry of a default judgment of condemnation, forfeiture, and destruction against an undetermined quantity of variously labeled cases of an article of drug and cosmetic ("defendant property").

## ISSUE TO BE DECIDED

Whether plaintiff is entitled to entry of a default judgment of condemnation, forfeiture, and destruction against the defendant property.

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1. Statement of Facts

On October 22, 2007, plaintiff filed a Complaint In Rem For Forfeiture ("complaint") against the defendant property, which is in the possession of Jan Marini Skin Research, Inc., 6951 Via del Oro, San Jose, California. See Docket No. 1. In the complaint, plaintiff alleged that the defendant property is a drug within the meaning of 21 U.S.C. § 321(g)(1)(C) of the Federal Food, Drug, and Cosmetic Act ("the Act"), which may not be introduced or delivered for introduction into interstate commerce pursuant to 21 U.S.C. § 355(a), because it is a "new drug" within the meaning of 21 U.S.C. § 321(p), and no approval of application filed pursuant to 21 U.S.C. § 355(b) or (j) is in effect for such drug. Plaintiff also alleged that the defendant property is a misbranded drug within the meaning of the Act, 21 U.S.C. § 352(f)(1), in that its labeling fails to bear adequate directions for use and it is not exempt from such requirement under 21 C.F.R. § 201.115 because the article is an unapproved new drug. Plaintiff further alleged that the defendant property is a

1  cosmetic within the meaning of the Act, 21 U.S.C. § 321(i)(1), and that it is adulterated within the
2  meaning of 21 U.S.C. § 361(a), in that it contains a poisonous and deleterious substance that may
3  render it injurious to users under the conditions of use prescribed in the labeling or under such
4  conditions of use as are customary or usual.  On November 16, 2007, the United States Marshal for
5  this district arrested the defendant property pursuant to a Warrant for Arrest In Rem issued by this
6  Court on November 1, 2007.  Olsen Decl. ¶ 3.

7  On November 27, 2007, plaintiff served a Notice of Forfeiture Action, (including a copy of the
8  complaint, the application for warrant of arrest in rem, the warrant for arrest in rem, electronic
9  case filing program, order setting initial case management conference and ADR deadlines, and
10 notice of availability of magistrate judge to exercise jurisdiction), by certified mail, return receipt
11 requested, on the following at their last known addresses:

12 Stewart Stone, Jr., Esq.
   Vice President & General Counsel
13 Jan Marini Skin Research, Inc.
   6951 Via del Oro
14 San Jose, CA 95119

15 Paul M. Hyman, Esq.
   Hyman, Phelps & McNamara, P.C.
16 700 13th Street, NW, Suite 1200
   Washington, D.C. 20005
17
   Meredith Manning, Esq.
18 Hogan & Hartson, LLP
   555 13th Street, NW
19 Washington, D.C. 20004

20 Olsen Decl. ¶ 4.  In addition, a Public Notice of Forfeiture Action was duly published in the San
21 Jose Post Record, a newspaper of general circulation in San Jose, on December 7, 14, and 21,
22 2007.  Olsen Decl. ¶ 5.

23 Thereafter, on February 19, 2008, more than 35 days after the last date of publication, service
24 of the complaint, and service of the notice of forfeiture action, plaintiff requested the entry of
25 default pursuant to Fed. R. Civ. P. 55(a).  The Clerk of the Court entered the default on March 7,
26 2008.  See Clerk's Entry of Default, attached as Exhibit 2.

27 As of this date, no claim, verified statement of right or interest, or answer has been filed in this
28 action.  Olsen Decl. ¶ 6.

MOTION FOR DEFAULT JUDGMENT
C 07-5388-MMC                                          3

**2. <u>Argument</u>**

Rule 6-2 of the Northern District of California Admiralty and Maritime Local Rules ("Local Rules") sets forth the applicable procedure for seeking a default judgment in an <u>in</u> <u>rem</u> action. Rule 6-2 provides:

> After the time for filing an answer has expired, the plaintiff may apply for entry of default under FRCivP 55(a).  Judgment may be entered under FRCivP 55(b) at any time after default has been entered.  Default will be entered upon a showing that:
>
> (a) Notice has been given as required by Admir. L.R. 6-1;
>
> (b) The time to answer has expired; and
>
> (c) No one has filed a verified statement of right or interest in the property.

Local Rule 6-1 requires that notice be provided by publication in a newspaper of daily circulation in the district, and by service under Rule 5 of the Federal Rules of Civil Procedure upon any person who has not appeared in the action and is known to have an interest in the property.  All persons having an interest or right in the defendant property must file a verified statement identifying the interest or right no later than 35 days after service of the complaint.  <u>See</u> Rule G(5)(a)(ii)(A) of the Federal Supp. Rules for Admiralty and Maritime Claims.  Those persons having an interest in the defendant property and not receiving direct notice must file a verified statement identifying the interest or right no later than 30 days after the last date of publication. <u>See</u> Rule G(5)(a)(ii)(B) of the Federal Supp. Rules for Admiralty and Maritime Claims.  In addition, an answer must be served and filed within 20 days after the filing of the verified statement of interest.  <u>See</u> Supp. Rule G(5)(b) of the Federal Supp. Rules for Admiralty and Maritime Claims; <u>see also</u> Local Rule 4-2(a)(6).

As discussed above, plaintiff complied with the requirements for publishing notice of the action in the San Jose Post Record, a newspaper of general circulation in this district.  Olsen Decl. ¶ 5.  In addition, plaintiff served the only company that, based on the facts known to the government, reasonably appeared to be a potential claimant by sending, by certified mail, a copy of the complaint, arrest for warrant <u>in</u> <u>rem</u>, and notice of forfeiture action to its attorneys and to the company at its last known addresses.  <u>See</u> Fed. R. Civ. P. 5(b)(1) and (b)(2); Supp. R. G(4)(b); Olsen Decl. ¶ 4.  No one filed a verified statement of interest within 30 days after the last date of

1  publication or 35 days after the service of the complaint and notice of forfeiture action.  Olsen
2  Decl. ¶ 6.  Accordingly, the Clerk of the Court entered a default in this action on March 7, 2008.
3  Exhibit 2.

**CONCLUSION**

Wherefore, pursuant to 21 U.S.C. § 334, Rule 55(b)(2) of the Federal Rules of Civil Procedure, and the Local Rule 6-2, plaintiff moves the Court to enter an order adjudging all persons having any right, title, or interest in the defendant property seized in this action to be in default, adjudging the defendant property to be a new drug without an approved application filed pursuant to 21 U.S.C. 355, and to be adulterated and misbranded with the meaning of the Act, as alleged in the complaint and as set out above in this motion, and ordering the condemnation, forfeiture, and destruction of the defendant property.

DATED:  May 1, 2008                    Respectfully submitted,

                                                JOSEPH P. RUSSONIELLO
                                                United States Attorney

                                                /s/
                                                EDWARD A. OLSEN
                                                Assistant United States Attorney

Of Counsel:
JAMES C. STANSEL
Acting General Counsel

GERALD F. MASOUDI
Associate General Counsel
Food and Drug Division

ERIC M. BLUMBERG
Deputy Chief Counsel, Litigation
Food and Drug Division

PAIGE H. TAYLOR
Associate Chief Counsel for Enforcement
U.S. Dept. of Health & Human Services
Office of the General Counsel
5600 Fishers Lane
Rockville, MD  20857
(301) 827-1161

MOTION FOR DEFAULT JUDGMENT
C 07-5388-MMC                               5